[No. 16424.  Department Two.  September 26, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Good Hope Gold & Copper Mining & Development Company, Appellant,* v. W. W. MORGAN *et al., Respondents.*[1]

MANDAMUS (35)—TO COUNTY BOARD—OPENING COUNTY ROAD—MATTERS OF DISCRETION.  Mandamus will not lie to compel a board of county commissioners to repair a road, in the absence of a showing that its refusal was arbitrary or capricious, in view of the fact that Rem. Code, § 5575, vests the board with discretion to open and work only "such roads as are necessary for public convenience."

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered December 20, 1920, upon findings in favor of the defendants, dismissing an action to compel county commissioners to repair a road.  Affirmed.

*Black & Black,* for appellant.

*Thos. A. Stiger,* for respondents.

MAIN, J.—This was an action of mandamus brought for the purpose of compelling the county commissioners of Snohomish county to repair a certain road. The trial resulted in a judgment dismissing the action, and the plaintiff appeals.

The road in question is between Index and Mineral City, and is in what may be referred to as a remote section of the county. The distance between these two places is approximately nine miles. Seven miles from Index is another place called Galena. The portion of the road more particularly in question is that between Galena and Index. For this distance it follows the left bank of the Skykomish river. The appellant owns

[1]Reported in 200 Pac. 1085.

mining property at Mineral City upon which consider-
able development work has been done, and it desires
the repair of the road in order that it may cause ma-
chinery to be taken to its mine, and in turn the ore
transported therefrom to the railroad at Index. At or
near Mineral City there are a number of other mining
properties, upon some of which there has been consid-
erable development work. The valley of the Skyko-
mish is narrow and is not adapted to agricultural pur-
poses. The amount of cleared land in the valley north
of Index probably does not exceed fifteen acres, and
there are two or three settlers who would be accom-
modated by the repair of the road.

The road was originally a mining trail, constructed
many years ago, and was first used only by pedestrians
and pack horses. In time it was widened so as to
accommodate vehicles. The county at one time caused
it to be surveyed, and from time to time expended
money in its improvement until the year 1914, since
which time no money has been expended upon it by
the county. The road between Galena and Index at
places is constructed of puncheon, and follows close
to the bank of the river. In the year 1914, owing to
high water, a considerable section of the road was
destroyed. At the present time, owing to the changing
course of the river caused by flood waters, there is
approximately a thousand feet of the road that has
been entirely obliterated. Logging operations have
been conducted on the west bank of the Skykomish and
the road has been damaged by these operations, as well
as by fires and the flood waters of the river. The re-
spondents were of the opinion that to construct a prac-
tical road between Index and Galena would require a
relocation of a considerable portion of it and would
cost from thirty to sixty thousand dollars. The statute
(Rem. Code, § 5575; P. C. § 5975), defining the duties

of the county commissioners, among other things, provides:

"The boards of county commissioners of the several counties in the state shall have general supervision over the roads in their respective counties. They must cause to be opened and worked such roads as are necessary for public convenience, which have been laid out and established according to law. . . ."

By this statute it is made the duty of the county commissioners to open and work such roads "as are necessary for public convenience." Without deciding, it will be assumed that the duty of opening and working roads is ministerial in its nature and in a proper case the commissioners may be required to perform such duty by writ of mandamus. The statute, however, goes further and only makes it the duty of the commissioners to open and work roads which are necessary for public convenience. The determination of the question as to whether the improving of a road is necessary for public convenience necessarily involved the exercise of a discretion. Among things which the commissioners should take into consideration would be the needs of other roads in the county, the cost of the improvement, the practicability of reconstructing the road, the extent of the use of it were it repaired, the amount of funds available, and so forth. The trial court found "that the road from Index to Galena as heretofore surveyed and laid out by the county engineer in 1891, or any subsequent survey, is not practicable or feasible; that there are only about fifteen acres of agricultural land between Index and Galena; that such road constructed to accommodate mining operations was near the bank of the river and that excessive floods have changed the course of the river and completely obliterated some three miles of the road, and that to relocate and reconstruct such road

from Index to Galena over any practicable route would cost from thirty thousand to sixty thousand dollars.'' The road has not been repaired or in a passable condition for vehicles since 1914, and, as already pointed out, no county money has been expended upon it since that time.

Taking into consideration all the facts in the record, which have been given careful attention, we are in accord with the opinion of the trial court that the commissioners in failing to improve and reconstruct the road did not act in an arbitrary manner, but that, under the facts, they should not be required by mandamus to do the work which is sought to be required of them in this action. It cannot be said that the commissioners arbitrarily or capriciously refused to repair a road which was necessary for public convenience.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, TOLMAN, and MITCHELL, JJ., concur.